CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 07 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TERI CRAWFORD, GARRY BROWN, LYDIA GREEN, LORETTA PENNINGTON, and PATRICIA SAUNDERS, individually and on behalf of all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> SENEX LAW, P.C., <br><br> Defendant. | Civil Action No. 3:16-CV-00073 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. Glen E. Conrad <br> United States District Judge |

This action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), is currently before the court on defendant's motion for judgment on the pleadings. For the reasons stated below, the motion will be denied.

### Background

The following facts are taken from the plaintiffs' amended complaint and were previously set forth in the court's memorandum opinion denying the defendant's motion to dismiss. See Crawford v. Senex Law, P.C., No. 3:16-CV-00073, 2017 WL 1743880, at *1 (W.D. Va. May 3, 2017). Where appropriate, this summary of the facts also includes allegations from the defendant's verified answer.

The defendant, Senex Law, P.C. ("Senex"), is a law firm in Hampton, Virginia, that assists landlords with collecting overdue rent from tenants. Am. Compl. ¶¶ 10, 13. Senex advertises itself to landlords as a "one stop shop" that both prepares and sends Notices of Noncompliance ("Notice" or "Notices") to tenants who owe rent and late fees and represents the landlords in lawsuits against tenants. Id. ¶ 15.

Each of the named plaintiffs lived in a property managed by a landlord who had retained Senex to issue Notices to tenants who had failed to pay rent when due. Id. ¶ 9. Each named plaintiff received a Notice printed on his or her landlord's letterhead and affixed with the landlord's electronic signature. Id. ¶ 19. The Notice advised the tenant of the amount owed to the landlord, including at least $27 in attorney's fees, and stated that the landlord had "retained Senex Law, PC and they have already drafted this notice and provided legal advice due to your noncompliance." Id. ¶¶ 18, 21; Am. Compl. Ex. A. The Notice directed the tenant to send payment to the landlord and provided the landlord's address and telephone number at the top of the Notice. Am. Compl. Ex. A. The Notice warned that, if the tenant's landlord did not receive payment of the rent and late fee within five days of the date the Notice was received, "an Unlawful Detainer or other lawsuit may be filed against you and you will be at risk of losing possession of your property and/or having a judgment entered against you . . . ." Id. The return address on the envelope listed the landlord's name, but Senex's address in Hampton, Virginia. See, e.g., Am. Compl. ¶¶ 19, 39. Several of the tenants received their Notices in envelopes stamped with a postal notation indicating delivery from Hampton, Virginia. See id. ¶ 19. If the tenant did not pay the landlord within about one month after receiving the Notice, then Senex would initiate an unlawful detainer action against the tenant. See, e.g., id. ¶ 76.

Based on the named plaintiffs' experiences, the complaint alleges that Senex uses the following process to send Notices: (1) a landlord sends Senex a list of accounts with allegedly overdue rent; (2) Senex prepares Notices on the landlord's letterhead; (3) Senex affixes the landlord's electronic signature to each Notice; and (4) Senex prints and sends the Notices directly to the tenants. Id. ¶ 17. Plaintiffs contend that this process establishes that Senex operates as a debt collector when it sends the Notices, and therefore, that Senex must identify

2

itself as a debt collector and disclose in the Notices certain information required by the FDCPA. Id. ¶¶ 18, 168. Plaintiffs assert that Senex intentionally fails to include the required disclosures when it sends the Notices. Id. ¶ 173.

In its verified answer, the defendant elaborates on the four-step process identified in the amended complaint. The defendant asserts that Senex collaborates with each landlord to prepare a Notice template. Verified Answer ¶ 17. When a landlord requests that Senex issue a Notice, Senex asserts that it analyzes the lease and the relevant law to generate a tenant-specific Notice. Id. Each letter includes a charge for legal services Senex provides to the landlord. Id. ¶ 21. A landlord representative then electronically signs the Notice, thereby swearing under penalty of perjury that the Notice contains true and correct facts and that the landlord possesses the necessary documents to substantiate the facts in the Notice. Id. ¶ 19. Finally, Senex prints and mails the Notices at the direction of the landlords. Id. ¶ 17.

Defendant maintains that "the creation and approval of each individual Notice of Noncompliance is a long, collaborative process between Senex Law and landlords where landlords make every decision and Senex Law's involvement consists solely of providing legal advice regarding compliance with applicable law and the ministerial tasks of printing, folding, and mailing the Notices." Id. ¶ 20. The defendant concedes that "long" usually means "a few hours." Id. According to the defendant, its advertising indicating Senex prepares the Notices provides only "a general statement of available services," and each landlord signs a detailed engagement letter that outlines the actual services to be rendered. Id. ¶ 15.

## Procedural History

On October 5, 2016, plaintiffs filed a one-count complaint against Senex, alleging that Senex operates as a debt collector but fails to make certain statutorily-required disclosures in

3

violation of the following provisions of the FDCPA: (1) § 1692d, prohibiting harassment or abuse in the collection of debt; (2) § 1692e, prohibiting the use of false or misleading representations; and (3) § 1692g, requiring certain information about the validity of the debt to be included in debt collection communications. The five named plaintiffs also requested certification of a class of present and former tenants of residential properties located in Virginia whose landlords have engaged Senex to facilitate the collection of overdue rent.

On December 21, 2016, the defendant moved to dismiss the original complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court denied the motion, ruling that the plaintiffs had plausibly alleged that Senex is a debt collector when issuing Notices, and therefore, that the absence of certain disclosures in the Notices violates the FDCPA.

On May 8, 2017, plaintiffs filed an amended complaint, which is identical to the original complaint with the exception of the <u>ad damnum</u> clause. In response, on June 28, 2017, defendant filed its verified answer.

On July 27, 2017, the defendant moved for judgment on the pleadings and for a stay of discovery. The plaintiffs then moved to compel certain discovery. After a hearing on the discovery motions, the court stayed discovery in part and granted the motion to compel in part. Discovery remains open as to liability, but is stayed as to damages.

The court held a separate hearing on the motion for judgment on the pleadings on October 6, 2017. The matter is now fully briefed and ripe for review.

## Standard of Review

The court reviews a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure using the same standard for reviewing a motion to dismiss

4

under Rule 12(b)(6). PETA v. U.S. Dep't of Agric., 861 F.3d 502, 506 (4th Cir. 2017). Accordingly, the court may grant a Rule 12(c) motion only "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Id. (internal quotation marks omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (requiring a complaint to contain facts sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face").

In conducting this analysis, a district court may consider the complaint, the answer, matters of public record, exhibits to the pleadings, and exhibits to the Rule 12(c) motion that are integral to the complaint and authentic. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). However, "[f]or the purposes of this motion [the defendant] cannot rely on allegations of fact contained only in the answer . . . because Plaintiffs were not required to reply to [the] answer, and all allegations in the answer are deemed denied." Alexander v. City of Greensboro, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011); see Fed. R. Civ. P. 8(b)(6) ("If a responsive pleading is not required, an allegation is considered denied or avoided.").

"While the [c]ourt acknowledges that a motion for judgment on the pleadings is not an opportunity to re-litigate issues raised and decided in a motion to dismiss, the Federal Rules do not flatly bar a defendant from asserting a Rule 12(c) motion for judgment on the pleadings simply because he or she previously asserted a Rule 12(b)(6) motion to dismiss." Burke v. Nationstar Mortg. LLC, No. 3:14CV837, 2016 WL 4231705, at *5 (E.D. Va. Aug. 9, 2016)

(quoting Estep v. City of Somerset, Ky., No. CIV.A. 10-286-ART, 2011 WL 845847, at *2 (E.D. Ky. Mar. 8, 2011)) (alterations and internal quotation marks omitted). Furthermore, "it is well settled that the denial of a motion to dismiss remains subject to reconsideration until the [c]ourt enters final judgment in the case." Id. at *6 (internal quotation marks omitted).

### Discussion

"The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage." Yarney v. Ocwen Loan Serv., LLC, 929 F. Supp. 2d 569, 575 (W.D. Va. 2013) (Moon, J.) (citing United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996)). The plaintiffs allege violations of FDCPA provisions that apply only to a "debt collector," as defined in 15 U.S.C. § 1692a(6), who commits certain unlawful acts "in connection with the collection of any debt." 15 U.S.C. §§ 1692d, 1692e, 1692g.

In moving for judgment on the pleadings, the defendant contends that Senex is not a debt collector because it acts as an agent of the landlords akin to an "officer or employee" exempt under 15 U.S.C. § 1692a(6)(A) from the FDCPA's requirements. Alternatively, the defendant contends that Senex is not collecting debt at the Notices stage, but rather providing legal advice and ministerial services to the landlords such that each Notice remains the act of the landlord for which it was sent. Defendant further claims, as a matter of law, that each Notice constitutes the act of a landlord because of the legal effect of the landlord's electronic signature on the Notice.\*

Aside from being variations on arguments raised in support of the defendant's motion to dismiss, the arguments raised in support of the instant motion do not demonstrate that the plaintiffs cannot prove any set of facts entitling them to relief. The court finds the defendant's

---

\* Defendant also raises constitutional claims, which the court finds premature and declines to address at this stage in the proceedings.

6

argument that Senex acts as an agent of the landlords unpersuasive, particularly where Congress repealed the specific exemption for "'any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client.'" Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (quoting Pub. L. 95-109, § 803(6)(F), 91 Stat. 874, 875). By creating separate exemptions for attorneys and for officers or employees of a creditor, Congress indicated that it did not view attorneys acting on behalf of creditors to be in the same category as officers or employees of creditors. In removing the exemption for attorneys, Congress expressed its intent that "lawyers be subject to the [FDCPA] whenever they meet the general 'debt collector' definition." Id. at 295. Notably, courts have found lawyers to be debt collectors when sending Notices under certain circumstances. Romea v. Heiberger & Assocs., 163 F.3d 111, 117 (2d Cir. 1998); Dowling v. Kucker Kraus & Bruh, LLP., No. 99CIV11958RCC, 2005 WL 1337442, at *1-2 (S.D.N.Y. June 6, 2005).

As to both the argument that Senex is the landlord's agent and the argument that Senex does not engage in debt collecting activity at the Notices stage, the court finds conflicts between the allegations in the amended complaint and the allegations in the verified answer that make the entry of judgment on the pleadings inappropriate. The defendant asserts that Senex collaborates with each landlord to generate a template for the landlord's Notices; acts under the landlord's control and direction at every step taken to prepare the Notices; and has no follow-up communication with the tenants aside from legal actions taken at the landlord's direction. Because those, and other, allegations appeared for the first time in the verified answer, under Rule 8(b)(6) of the Federal Rules of Civil Procedure, they are deemed denied or avoided by the plaintiffs. Moreover, some of the allegations appear to materially conflict with the allegations in the amended complaint. For example, the amended complaint alleges that Senex drafted and

prepared the Notices, which the verified answer denies. <u>Compare</u> Am. Compl. ¶ 17 ("Senex prepares the noncompliance dunning letter on Landlord letterhead.") <u>and</u> ¶ 20 ("Notices sent between June 2014 – January 2016 indicate that the Landlord has now retained Senex, which drafted the Notices."), <u>with</u> Verified Answer ¶ 17 (denying allegations in paragraph 17 of the amended complaint and asserting that "[a]ll of the Notices of Noncompliance at issue in this Complaint are prepared collaboratively by landlords and Senex . . . .") <u>and</u> ¶ 20 ("[T]he creation and approval of each individual Notice of Noncompliance is a long, collaborative process between Senex Law and landlords where landlords make every decision and Senex Law's involvement consists solely of providing legal advice regarding compliance with applicable law and the ministerial tasks . . . .").

Even assuming all the allegations in the verified answer to be true, the court finds that the verified answer does not obviate the need for discovery on the factors identified in the court's decision on the motion to dismiss. Those six factors bear on whether the sender of dunning letters is actively collecting debt for a creditor. They include: "(1) whether the sender instructs the debtor to contact the sender or the creditor about the debt; (2) whether the sender was substantially involved in the drafting of the letter; (3) whether the sender provides follow-up debt collection services; (4) the extent to which the sender can settle the matter; (5) the compensation structure for the sender; and (6) the extent to which the sender keeps its own records regarding the debtors." <u>Crawford</u>, 2017 WL 1743880, at *3. While the pleadings indicate that some factors favor the defendant, certain factors still tend to support the plaintiffs or remain ripe for discovery.

Most notably, the second factor demonstrates the need for discovery. Courts have found a law firm's preparation of dunning letters to be an indication that the law firm was acting as a

debt collector and engaged in debt collecting activity when issuing the letters. See, e.g., Khaytin v. Stern & Stern, Esqs., No. 12-CV4169, 2013 WL 5520000, at *1 (E.D.N.Y. Sept. 30, 2013); Dowling, 2005 WL 1337442, at *2; Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C., No. 99CV3227, 2000 WL 1448635, at *6 (S.D.N.Y. Sept. 28, 2000); Romea, 163 F.3d at 117. However, courts have concluded that the sender of dunning letters did not engage in debt collecting activity where the sender was involved in preparing the dunning letters, but the involvement was minimal. Trull v. Lason Sys., Inc., 982 F. Supp. 600, 607 (N.D. Ill 1997) (finding sender of dunning letters not to be engaged in debt collecting activity when the creditor faxed its form letters to the sender for entry into the sender's database and then the creditor approved the letters before issuance); see also Powell v. Computer Credit, Inc., 975 F. Supp. 1034, 1041 (S.D. Ohio 1997) (finding that when creditor "made significant changes to the language of the letter before approving the letter," the sender of the letter was not acting as a debt collector).

In this case, as explained above, the verified answer asserts that Senex engages in a collaborative process to generate Notice templates for each landlord-client, Verified Answer ¶ 17, but admits that during the "long, collaborative process" for filling out a template, "long" means only a few hours, id. ¶ 20. By contrast, the amended complaint alleges that Senex drafts and prepares the Notices. Plaintiffs have also represented to the court that the Notice templates that Senex uses for different landlords are nearly identical, except for the landlord's contact information. See Am. Compl. Ex. A. Thus, a fact issue remains over what Senex means by a "collaborative process" and whether such a process demonstrates that Senex is substantially involved in preparing the letters. For now, it is sufficient that the plaintiffs have alleged that Senex drafts and prepares the letters. See Aquino v. Credit Control Servs., 4 F. Supp. 2d 927,

929 (N.D. Cal. 1998) (finding that the defendant was not a debt collector in part because "[t]he complaint does not allege that [defendant] had any role in drafting the letter").

Accepting the facts alleged in the amended complaint as true, as the court must, other factors may tend to favor the plaintiffs. Although the text of the Notices direct payment to the landlord, they are mailed in envelopes that include a return address with the landlord's name and Senex's P.O. Box, a combination that may not clearly direct tenants to send payment to the landlords. Cf. Powell, 975 F. Supp. at 1040-41 (holding that a letter prepared on the sending agency's stationery was the creditor's letter because it contained the creditor's name and return address and clearly directed payment to the creditor). Additionally, although the defendant claims that Senex acts only at the direction of the landlords, the amended complaint raises the inference that Senex initiates unlawful detainer actions with landlord authority as a matter of course, thus potentially linking Senex to follow-up debt collection activity. Plaintiffs have also pled that Senex advertises its practice as a "one stop shop" for collecting delinquent rent, and such advertising may not be the general statement of services that the defendant contends it is. Am. Compl. ¶ 15; see F.T.C. v. Shaffner, 626 F.2d 32, 36 (7th Cir. 1980) (finding that advertising a "business as a debt collection agency rather than a law practice" may trigger FDCPA coverage); Trull, 982 F. Supp. at 606 (finding that defendant's advertisements did not depict its business as debt collection and thereby expose the defendant to FDCPA liability because the "advertisements [we]re generally aimed at attracting business from all business sectors").

Finally, the defendant argues that the landlord's electronic signature establishes, as a matter of law, that the Notices are the act of the landlord and therefore that discovery is unnecessary. For the reasons stated in the court's decision denying the defendant's motion to

dismiss, the court continues to believe that the more relevant inquiry is "whether Senex drafts, prepares, prints, and has the Notices served." Crawford, 2017 WL 1743880, at *4. As explained above, plaintiffs have made that allegation.

In sum, the court believes that the verified answer does not provide a basis for deviating from the court's earlier ruling on the defendant's motion to dismiss. Discovery may ultimately confirm the defendant's theory of the case, but viewing the allegations in the amended complaint in the light most favorable to the plaintiffs, the court concludes that the plaintiffs have stated a plausible claim to relief under the FDCPA.

## Conclusion

For the foregoing reasons, the defendant's motion for judgment on the pleadings will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 7th day of November, 2017.

_____
United States District Judge